UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBIN D. JONES,            )<br>                               )<br>     Plaintiff,              )<br>                               )<br>v.                            )<br>                               )<br>ROLLS-ROYCE CORPORATION,      )<br>                               )<br>     Defendant.              )  | No. 1:05-cv-295-SEB-VSS |

**Entry Discussing Motion for Summary Judgment**

    This cause is before the court on the second amended complaint of Robin Jones ("Jones"), on the answer and counterclaim of Rolls-Royce Corporation ("Rolls-Royce"), and on the unopposed motion for summary judgment filed by Rolls-Royce. The motion for summary judgment is directed to both Jones' claims in this action and to Rolls-Royce's counterclaim.

**I.**

    Rule 56(c) of the *Federal Rules of Civil Procedure* provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* As explained in paragraph 3 of the Entry issued on December 14, 2006, the factual assertions on which Rolls-Royce's motion for summary judgment is based and which are supported by the evidentiary record are accepted as true for the purpose of resolving that motion. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997)(Court of Appeals has consistently "sustained entry of summary judgment where 'the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.")(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994)).

**II.**

Rolls-Royce has established without contradiction from Jones that:

- Jones was employed by Rolls-Royce from 1998 through June 20, 2003.

- Jones was a member of the local United Auto Workers ("UAW") Union.

- Jones' employment by Rolls-Royce ended as a result of her acceptance of a voluntary termination program ("VTEP) she accepted in return for a severance package.

- Jones married and then was divorced from Richard Ash-Simpson while she was employed by Rolls-Royce.

- Ash-Simpson encouraged Jones to accept the VTEP.

- The VTEP included a waiver of each of the statutory rights which are asserted in this action.

- The waiver consists of a written release signed by Jones on June 23, 2003.

- Rolls-Royce received and processed the forms signed by Jones in accord with the terms of the VTEP.

- The waiver provision of the VTEP provides that, in consideration of her receipt of the VTEP benefits paid by Rolls-Royce, Jones could not "institute or participate in any proceedings against Rolls-Royce Corporation" and could not "even attempt to do so without first tendering back to Rolls Royce the entire VTEP payment and the value of all the benefits received under the program."

- Jones filed this lawsuit without returning any form of benefit to Rolls-Royce.

On the basis of these circumstances, Jones' claim seeking rescission of the VTEP, her claim of fraud, Jones' claims of negligence, and her statutory claims have been extinguished through the release just described. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 n.2 (1991); *Glass v. Rock Island Refining Corp.,* 788 F.2d 450, 454 (7th Cir. 1986); *Golenia v. Bob Baker Toyota,* 915 F.Supp. 201 (S.D.Ca. 1996). Additionally, one provision of the benefits and release agreement between Jones and Rolls-Royce provided that before asserting claims such as Jones asserts in this action she would tender her severance benefits back to Rolls-Royce. This provision is enforceable. *Wagner v. The Nutrasweet Co.,* 95 F.3d 527, 532 (7th Cir. 1996) (affirming summary judgment on plaintiff's employment discrimination claims based on plaintiff's failure to tender back consideration received in exchange for execution of release) (citing *Fleming v. United States Postal Service AMF O'Hare,* 27 F.3d 259, 260 (7th Cir. 1994)).

Through these facts, Rolls-Royce has demonstrated that it is entitled to judgment as a matter of law as to Jones' claims. The granting of summary judgment for the moving party in this situation is thus compelled. *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995) ("Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted.").

In addition, Rolls-Royce is entitled to summary judgment as to its counterclaim. This is evident from the facts that Jones voluntarily signed the VTEP, that the VTEP is in all respects enforceable, that Jones failed to tender her severance benefits back to Rolls-Royce before filing suit, and that she did in fact file this lawsuit. Rolls-Royce has been damaged by Jones' action through the expense and other burdens of defending this lawsuit. To maintain an action for breach of contract in Indiana, a party must show three elements: the existence of a contract, the defendant's breach of that contract, and damages. *Nieto v. Kezy,* 846 N.E.2d 327, 333 (Ind.Ct.App. 2006). Each of these elements is present here with respect to the counterclaim filed by Rolls-Royce.

### III.

Jones has not identified a genuine issue of material fact as to either her claim against Rolls-Royce or the counterclaim filed against her. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). Rolls-Royce's motion for summary judgment is therefore **granted.**

Granting Rolls-Royce relief as to its counterclaim necessarily requires that its damages be quantified. Because of this, the ruling above does not resolve all claims against all parties, and no partial final judgment shall issue at this time as to the claims resolved in this Entry. In addition, a procedure must be established for the damages sought by Rolls-Royce (in addition to its prayer for specific performance) to be determined.

Rolls-Royce shall have **through January 11, 2007**, in which to specify the damages and other relief sought through its counterclaim. This may be done through appropriate, but not duplicate, documentation submitted in the evidentiary form prescribed by Rule 56(e) of the *Federal Rules of Civil Procedure*. A copy of its response to these directions shall be served on Jones, who shall have **through February 5, 2007**, in which to respond.
   **IT IS SO ORDERED.**

Date: 12/20/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Nathan A. Baker
BARNES & THORNBURG
nbaker@btlaw.com

Peter A. Morse Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Robin D. Jones
10147 Hatherley Way
Fishers, IN 46037